SEALED

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) CRIMINAL NUMBER 97- **40009 - NMG** |
| | ) |
| ROBERT F. CARROZZA, | ) |
|   A/K/A BOBBY RUSSO | ) |
| MICHAEL P. ROMANO, SR., | ) Violations: |
| ANTHONY CIAMPI, | ) 18 U.S.C. § 1962 |
| SEAN THOMAS COTE, | ) 18 U.S.C. § 1959 |
| ENRICO M. PONZO, | ) 18 U.S.C. § 1952 |
| MARK SPISAK, | ) 18 U.S.C. § 1955 |
| JOHN J. PATTI, III, | ) 18 U.S.C. § 1951 |
| EUGENE A. RIDA, JR., | ) 21 U.S.C. § 846 |
|   A/K/A GINO, | ) 18 U.S.C. § 924(c) |
| JOHN M. ARCIERO, | ) 18 U.S.C. § 1512 |
| VINCENT MICHAEL MARINO, | ) 18 U.S.C. § 3 |
|   A/K/A GIGI PORTALLA, | ) 18 U.S.C. § 2 |
| NAZZARO RALPH SCARPA, | ) 18 U.S.C. § 1623 |
| PAUL A. DECOLOGERO, | ) |
| CHRISTOPHER PUOPOLO, | ) |
| ANTHONY DIAZ and | ) |
| LEO M. BOFFOLI, | ) |
|   A/K/A CHIPPER | ) |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**
(18 U.S.C. §§ 1962(c) and 2)
(RICO -- Substantive)

**The Enterprise**

1.    From a date in or before June, 1989, through in or after December, 1994, in the District of Massachusetts and elsewhere, the Patriarca Family of La Cosa Nostra, including its leaders, members and associates, did constitute an enterprise (the "Enterprise") within the meaning of Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, which engaged in various criminal activities, including multiple acts involving murder in violation of the laws of the

Commonwealth of Massachusetts, and acts indictable under Title
18, United States Code, Section 1951 (relating to interference
with commerce by threats and violence), Section 1952 (relating to
interstate travel in aid of racketeering), Section 1955 (relating
to the operation of illegal gambling businesses), and under Title
21, United States Code, Section 846 (relating to conspiracy to
violate controlled substances laws), and acts involving arson in
violation of the laws of the State of New Hampshire.  The
Enterprise was engaged in and its activities affected interstate
and foreign commerce.

2.    The Enterprise was structured in the following manner,
had the following purposes, and the Defendants and other persons
associated with and employed by the Enterprise functioned in the
following roles:

(a)   The Enterprise was part of a secret organization known
by various names, including "La Cosa Nostra," "Stu Cosa," "The
Mafia," "This Thing of Ours," and "This Thing," which operated
throughout the United States through entities known as
"Families," and was ruled on a national level by a "Commission"
composed of the heads or "Bosses" of the most powerful Families.

(b)   The Enterprise was comprised of "members" and
"associates" of the Patriarca Family of La Cosa Nostra, which
operated in the Districts of Massachusetts, Rhode Island,
Connecticut, New Hampshire and elsewhere.  The Patriarca Family
was so named because it was headed, until sometime in or about
1990, by Raymond J. Patriarca of Rhode Island, who had succeeded

2

his father, Raymond L.S. Patriarca as Boss of the Family,
sometime shortly after his father's death on July 11, 1984.

(c)   The Patriarca Family, as a Family of La Cosa Nostra,
was subject to the rules of La Cosa Nostra.  Thus, the Patriarca
Family was structured as follows:  The Family was headed by a
"Boss."  Second in command was an "Underboss."  A "Consigliere,"
or counselor, acted as the advisor to the Family on matters of
Mafia protocol.  Below the Underboss were a number of "Capo
Regimes," who acted as lieutenants or captains in the
organization.  A number of men known as "Soldiers," who were
"made" Members of the Family, were assigned to each Regime.
Individuals who had been nominated for membership in La Cosa
Nostra were called "proposed" members.  In addition,
"associates," although not "made" members of the Patriarca
Family, performed necessary and helpful roles in the Family.

(d)   The Patriarca Family acted to perpetuate its existence
by selecting new leaders and by "making" or "baptizing" new
members in a formal induction ceremony.  Becoming a "made" member
was a reward for those who had fulfilled the requirements of
membership and who had participated in crimes, including murder,
at the direction and on behalf of their superiors.  Some of the
defendants committed the racketeering acts set forth below in the
belief, and based on the promise, that they would be rewarded for
their actions with membership in La Cosa Nostra.

(e)   In October, 1989, Raymond J. Patriarca was the Boss of
the Family.  Nicholas L. Bianco was the Underboss.  Joseph A.

Russo was the Consigliere and acted as the Underboss for the greater Boston area.  Capo Regimes included the defendant ROBERT F. CARROZZA, A/K/A BOBBY RUSSO, Vincent M. Ferrara, Charles Quintina and Matthew L. Guglielmetti, Jr.  In 1990, in part as the result of a number of federal indictments in the Districts of Massachusetts and Connecticut, the hierarchy of the Patriarca Family changed.  In or about 1991, Francis P. Salemme ("Salemme") became Boss of the Family.

(f)  Members of the Enterprise described in this Count included both "made members" and "associates" of La Cosa Nostra. The defendant ROBERT F. CARROZZA, A/K/A BOBBY RUSSO, was a made member of the Patriarca Family.  The other defendants in this case were all associates of the Patriarca Family, who acted under the direct and indirect supervision of defendant ROBERT F. CARROZZA, A/K/A BOBBY RUSSO, and others.

(g)  The defendants, and others both known and unknown to the Grand Jury, acted to usurp control of the Patriarca Family. When Francis P. Salemme became the Boss of the Patriarca Family, the defendants violated the rules of La Cosa Nostra by plotting and attempting to murder Salemme, as well as plotting and attempting to murder, and murdering, others who were loyal to Salemme, and others whom the defendants viewed as rivals in their efforts to control organized criminal activity in the greater Boston area.  The defendants intended to replace Salemme as Boss of the Family and, thereby, be able to "make" new members of the Family from among their group.

4

(h)  Members of the Enterprise acted with the purpose of controlling, supervising and financing illegal activities, and otherwise deriving income from those illegal activities, including illegal gambling, extortion, loansharking and narcotics distribution, and deterring or removing competitors and others who posed a threat to them or their illegal_profits.  The defendants utilized violence and the threat of violence to further their aims, and committed murders to remove competitors and avenge acts committed by their rivals.

(i)  Members and associates were required to obey their superiors in the Enterprise and to commit acts at their direction, including murder.

(j)  Defendants were induced to commit murder by offers of membership in La Cosa Nostra, as well as by promises of monetary rewards.  Defendant MICHAEL P. ROMANO, SR., offered $5,000 per murder, with a bonus of an additional $5,000 for the murder of Stephen or Mark Rossetti and an additional $15,000 for the murder of Francis P. Salemme.

### Racketeering Violation

3.  From a date in or before June, 1989, through in or after December, 1994, in the District of Massachusetts and elsewhere,

ROBERT F. CARROZZA, A/K/A BOBBY RUSSO,
MICHAEL P. ROMANO, SR.,
ANTHONY CIAMPI,
SEAN THOMAS COTE,
ENRICO M. PONZO,
MARK SPISAK,
JOHN J. PATTI, III,
EUGENE A. RIDA, JR., A/K/A GINO,

5

JOHN M. ARCIERO,
VINCENT MICHAEL MARINO, A/K/A GIGI PORTALLA,
NAZZARO RALPH SCARPA and
PAUL A. DECOLOGERO,

the Defendants, being employed by and associated with an
enterprise, as defined in Title 18, United States Code, Section
1961(4), that is, the Enterprise described in paragraphs 1 and 2,
did unlawfully, willfully and knowingly conduct and participate,
directly and indirectly, in the conduct of the affairs of the
Enterprise, which was engaged in and the activities of which
affected interstate commerce, through a pattern of racketeering
activity, as defined by Title 18, United States Code, Section
1961 (1) and (5), as set forth in paragraph 4 of this Count.

### Acts of Racketeering

**A.    Acts of Racketeering Involving Murder**

### Racketeering Act A-1

From in or before January, 1994, and continuing through in
or after December, 1994, in the District of Massachusetts and
elsewhere, the defendants,

ROBERT F. CARROZZA, A/K/A BOBBY RUSSO,
MICHAEL P. ROMANO, SR.,
ANTHONY CIAMPI,
SEAN THOMAS COTE,
ENRICO M. PONZO,
MARK SPISAK,
JOHN J. PATTI, III,
EUGENE A. RIDA, JR., A/K/A GINO,
JOHN M. ARCIERO,
VINCENT MICHAEL MARINO, A/K/A GIGI PORTALLA,
NAZZARO RALPH SCARPA and
PAUL A. DECOLOGERO,

conspired together and with Christopher Puopolo and with other
persons known and unknown to the Grand Jury to murder Francis P.

6

Salemme, Stephen Rossetti, Mark Rossetti, Ralph Rossetti, Richard Devlin, Richard Gillis, Joseph Souza, Richard Floramo, Mark Prochilo, Joseph C. Cirame, Timothy Larry O'Toole, Robert Paleo, Robert Luisi, Jr., and Lonnie Hilson, in violation of Massachusetts General Laws, Chapter 265, Section 1, and Chapter 274, Section 7.

### Racketeering Act A-2

a.   On or about June 16, 1989, at Saugus, in the District of Massachusetts, the defendants,

ENRICO M. PONZO and
VINCENT MICHAEL MARINO, A/K/A GIGI PORTALLA,

along with others known and unknown to the Grand Jury, aiding and abetting one another, did attempt to murder one Francis P. Salemme, and in such attempt did shoot at him with firearms, but did fail in the perpetration of said offense, in violation of Massachusetts General Laws, Chapter 265, Section 1, and Chapter 274, Sections 2 and 6.

b.   On or about June 16, 1989, at Saugus, in the District of Massachusetts, the defendants,

ENRICO M. PONZO and
VINCENT MICHAEL MARINO, A/K/A GIGI PORTALLA,

along with others known and unknown to the Grand Jury, aiding and abetting one another, did assault one Francis P. Salemme, with intent to murder him, in violation of Massachusetts General Laws, Chapter 265, Section 15, and Chapter 274, Section 2.

### Racketeering Act A-3

On or about March 31, 1994, at Boston, in the District of

Massachusetts, the defendants,

ANTHONY CIAMPI and
MARK SPISAK,

along with others known and unknown to the Grand Jury, aiding and
abetting one another, did assault and beat one Richard Devlin
with intent to murder him and by such assault and beating did
kill and murder said Richard Devlin, in violation of
Massachusetts General Laws, Chapter 265, Section 1, and Chapter
274, Section 2.

### Racketeering Act A-4

a.    On or about March 31, 1994, at Boston, in the District
of Massachusetts, the defendants,

ANTHONY CIAMPI and
MARK SPISAK,

along with others known and unknown to the Grand Jury, aiding and
abetting one another, did attempt to murder one Richard Gillis,
and in such attempt did shoot at him with a firearm, but did fail
in the perpetration of said offense, in violation of
Massachusetts General Laws, Chapter 265, Section 1, and Chapter
274, Sections 2 and 6.

b.    On or about March 31, 1994, at Boston, in the District
of Massachusetts, the defendants,

ANTHONY CIAMPI and
MARK SPISAK,

along with others known and unknown to the Grand Jury, aiding and
abetting one another, did assault one Richard Gillis with intent
to murder him, in violation of Massachusetts General Laws,
Chapter 265, Section 15, and Chapter 274, Section 2.

8

### Racketeering Act A-5

On or about October 20, 1994, at Boston, in the District of

Massachusetts, the defendant,

MICHAEL P. ROMANO, SR.,

did assault and beat one Joseph A. Souza with intent to murder

him and by such assault and beating did kill and murder said

Joseph A. Souza, in violation of Massachusetts General Laws,

Chapter 265, Section 1.

### Racketeering Act A-6

a.   On or about September 16, 1994, at Revere, in the

District of Massachusetts, the defendants,

MICHAEL P. ROMANO, SR.,
ANTHONY CIAMPI,
SEAN THOMAS COTE and
ENRICO M. PONZO,

along with others known and unknown to the Grand Jury, aiding and

abetting one another, did attempt to murder one Joseph C. Cirame

and in such attempt did shoot at him with a firearm, but did fail

in the perpetration of said offense, in violation of

Massachusetts General Laws, Chapter 265, Section 1, and Chapter

274, Sections 2 and 6.

b.   On or about September 16, 1994, at Revere, in the

District of Massachusetts, the defendants,

MICHAEL P. ROMANO, SR.,
ANTHONY CIAMPI,
SEAN THOMAS COTE and
ENRICO M. PONZO,

along with others known and unknown to the Grand Jury, aiding and

abetting one another, did assault one Joseph C. Cirame with

intent to murder him, in violation of Massachusetts General Laws, Chapter 265, Section 15, and Chapter 274, Section 2.

### Racketeering Act A-7

a.   On or about September 21, 1994, at Boston, in the District of Massachusetts, the defendants,

> MICHAEL P. ROMANO, SR.,
> SEAN THOMAS COTE,
> JOHN J. PATTI, III, and
> JOHN M. ARCIERO,

along with others known and unknown to the Grand Jury, aiding and abetting one another, did attempt to murder one Michael P. Prochilo and in such attempt did shoot at him with a firearm, but did fail in the perpetration of said offense, in violation of Massachusetts General Laws, Chapter 265, Section 1, and Chapter 274, Sections 2 and 6.

b.   On or about September 21, 1994, in the District of Massachusetts, the defendants,

> MICHAEL P. ROMANO, SR.,
> SEAN THOMAS COTE,
> JOHN J. PATTI, III, and
> JOHN M. ARCIERO,

along with others known and unknown to the Grand Jury, aiding and abetting one another, did assault one Michael P. Prochilo with intent to murder him, in violation of Massachusetts General Laws, Chapter 265, Section 15, and Chapter 274, Section 2.

### Racketeering Act A-8

a.   In or about September, 1994, at Revere, in the District of Massachusetts, the defendants,

> MICHAEL P. ROMANO, SR.,
> ANTHONY CIAMPI,

10

SEAN THOMAS COTE,
JOHN M. ARCIERO,
NAZZARO RALPH SCARPA and
PAUL A. DECOLOGERO,

along with others known and unknown to the Grand Jury, aiding and
abetting one another, did attempt to murder one Stephen Rossetti
and in such attempt did shoot at him with firearms, but did fail
in the perpetration of said offense, in violation of
Massachusetts General Laws, Chapter 265, Section 1, and Chapter
274, Sections 2 and 6.

b.    In or about September, 1994, at Revere, in the District
of Massachusetts and elsewhere,

MICHAEL P. ROMANO, SR.,
ANTHONY CIAMPI,
SEAN THOMAS COTE,
JOHN M. ARCIERO,
NAZZARO RALPH SCARPA and
PAUL A. DECOLOGERO,

along with others known and unknown to the Grand Jury, aiding and
abetting one another, did assault one Stephen Rossetti with
intent to murder him, in violation of Massachusetts General Laws,
Chapter 265, Section 15, and Chapter 274, Section 2.

### Racketeering Act A-9

a.    On or about September 25, 1994, at Boston, in the
District of Massachusetts and elsewhere, the defendants,

MICHAEL P. ROMANO, SR., and
SEAN THOMAS COTE

along with others known and unknown to the Grand Jury, aiding and
abetting one another, did attempt to murder one Timothy Larry
O'Toole and in such attempt did stab him with a knife, but did
fail in the perpetration of said offense, in violation of

11

Massachusetts General Laws, Chapter 265, Section 1, and Chapter 274, Sections 2 and 6.

b.    On or about September 25, 1994, at Boston, in the District of Massachusetts and elsewhere, the defendants,

MICHAEL P. ROMANO, SR., and
SEAN THOMAS COTE,

along with others known and unknown to the Grand Jury, aiding and abetting one another, did assault one Timothy Larry O'Toole with intent to murder him, in violation of Massachusetts General Laws, Chapter 265, Section 15, and Chapter 274, Section 2.

Racketeering Act A-10

a.    From in or about September, 1994, and continuing through on or after October 31, 1994, in the District of Massachusetts and elsewhere, the defendants,

MICHAEL P. ROMANO, SR.,
SEAN THOMAS COTE and
EUGENE A. RIDA, JR., A/K/A GINO,

conspired together and with Leo M. Boffoli, a/k/a Chipper, and with other persons known and unknown to the Grand Jury to murder one Matteo Trotto, in violation of Massachusetts General Laws, Chapter 265, Section 1, and Chapter 274, Section 7.

b.    On or about October 31, 1994, at Worcester, in the District of Massachusetts and elsewhere, the defendants,

MICHAEL P. ROMANO, SR.,
SEAN THOMAS COTE and
EUGENE A. RIDA, JR., A/K/A GINO,

along with Leo M. Boffoli, a/k/a Chipper, and with others known and unknown to the Grand Jury, aiding and abetting one another, did attempt to murder one Matteo Trotto and in such attempt did

12

shoot at him with a firearm, but did fail in the perpetration of said offense, in violation of Massachusetts General Laws, Chapter 265, Section 1, and Chapter 274, Sections 2 and 6.

c.   On or about October 31, 1994, at Worcester, in the District of Massachusetts and elsewhere, the defendants,

MICHAEL P. ROMANO, SR.,
SEAN THOMAS COTE and
EUGENE A. RIDA, JR., A/K/A GINO,

along with Leo M. Boffoli, a/k/a Chipper, and with others known and unknown to the Grand Jury, aiding and abetting one another, did assault one Matteo Trotto with intent to murder him, in violation of Massachusetts General Laws, Chapter 265, Section 15, and Chapter 274, Section 2.

### Racketeering Act A-11

In or about December, 1994, in the District of Massachusetts and elsewhere, the defendants,

MICHAEL P. ROMANO, SR., and
ANTHONY CIAMPI,

conspired together with each other and with Anthony Diaz and with other persons known and unknown to the Grand Jury to murder one Paul Strazzulla, in violation of Massachusetts General Laws, Chapter 265, Section 1, and Chapter 274, Section 7.

### Racketeering Act A-12

In or about October, 1994, in the District of Massachusetts and elsewhere, the defendants,

MICHAEL P. ROMANO, SR.,
ANTHONY CIAMPI, and
PAUL A. DECOLOGERO

conspired together with each other and with other persons known

13

and unknown to the Grand Jury to murder one Enrico M. Ponzo, in violation of Massachusetts General Laws, Chapter 265, Section 1, and Chapter 274, Section 7.

**B.    Act of Racketeering Involving the Felonious Receiving, Concealment, Buying, Selling and Otherwise Dealing in Controlled Substances in Violation of the Laws of the United States**

Racketeering Act B

From in or before summer, 1993, through in or after December, 1994, in the District of Massachusetts and elsewhere, the defendants,

MICHAEL P. ROMANO, SR.,
ANTHONY CIAMPI,
ENRICO M. PONZO,
JOHN J. PATTI, III,
JOHN M. ARCIERO,
VINCENT MICHAEL MARINO, A/K/A GIGI PORTALLA,
NAZZARO RALPH SCARPA and
PAUL A. DECOLOGERO,

did knowingly, willfully and intentionally combine, conspire, confederate and agree with each other and with persons known and unknown to the Grand Jury, knowingly and intentionally to possess with intent to distribute and to distribute a quantity of a mixture or substance containing cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 846.

**C.    Acts of Racketeering Indictable Under Title 18, United States Code, Section 1952 (relating to interstate travel in aid of racketeering)**

Racketeering Act C-1

On or about November 2, 1990,

14

ROBERT F. CARROZZA, A/K/A BOBBY RUSSO, and
MICHAEL P. ROMANO, SR.,

did unlawfully, willfully and knowingly travel and cause travel

to occur in interstate commerce between the Commonwealth of

Massachusetts and the State of New Hampshire, with intent to

promote, manage, establish, carry on and facilitate the

promotion, management, establishment and carrying on of unlawful

activity, to wit, arson in violation of the laws of the State of

New Hampshire, and thereafter did perform and attempt to perform

acts to promote, manage, establish, carry on and facilitate the

promotion, management, establishment and carrying on of said

unlawful activity, in violation of Title 18, United States Code,

Sections 1952 and 2.

### Racketeering Act C-2

On or about September 29, 1994,

ROBERT F. CARROZZA, A/K/A BOBBY RUSSO,
MICHAEL P. ROMANO, SR.,
ANTHONY CIAMPI and
JOHN M. ARCIERO,

did unlawfully, willfully and knowingly travel and cause travel

to occur in interstate commerce between the Commonwealth of

Massachusetts and the Commonwealth of Pennsylvania, with intent

to promote, manage, establish, carry on and facilitate the

promotion, management, establishment and carrying on of unlawful

activity, to wit, extortion and a business enterprise involved in

gambling in violation of the laws of the Commonwealth of

Massachusetts and of the United States, and thereafter did commit

crimes of violence to further said unlawful activity, and perform

15

and attempt to perform acts to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of said unlawful activity, in violation of Title 18, United States Code, Sections 1952 and 2.

### D. Acts of Racketeering Indictable Under Title 18, United States Code, Section 1955 (relating to the operation of illegal gambling businesses) - --

### Racketeering Act D-1

From in or before fall, 1992, and continuing to in or about December, 1994, in the District of Massachusetts and elsewhere, the defendant,

ANTHONY CIAMPI,

and others known and unknown to the Grand Jury, each aiding and abetting the other, did unlawfully, willfully and knowingly conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business, to wit, a sports betting business, in violation of the laws of the Commonwealth of Massachusetts in which said business was conducted (Massachusetts General Laws, Chapter 271, Sections 16A and 17), which illegal gambling business involved five or more persons who conducted, financed, managed, supervised, directed and owned all or part thereof, and remained in substantially continuous operation in excess of thirty days and had a gross revenue of $2,000 in a single day, in violation of Title 18, United States Code, Sections 1955 and 2.

### Racketeering Act D-2

From in or before October, 1992, and continuing to in or

16

after March, 1994, in the District of Massachusetts and elsewhere, the defendants,

ANTHONY CIAMPI and
MARK SPISAK,

and others known and unknown to the Grand Jury, each aiding and abetting the other, did unlawfully, willfully and knowingly conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business involving poker card games, in violation of the laws of the Commonwealth of Massachusetts in which said business was conducted (Massachusetts General Laws, Chapter 271, Section 5), which illegal gambling business involved five or more persons who conducted, financed, managed, supervised, directed and owned all or part thereof, and remained in substantially continuous operation in excess of thirty days and had a gross revenue of $2,000 in a single day, in violation of Title 18, United States Code, Sections 1955 and 2.

E.  **Act of Racketeering Indictable Under Title 18, United States Code, Section 1951 (relating to interference with commerce by threats or violence)**

Racketeering Act E

a.  From in or about August, 1994, and continuing to in or about September, 1994, in the District of Massachusetts and elsewhere, the defendant,

ENRICO M. PONZO,

did conspire with others known and unknown to the Grand Jury, to unlawfully obstruct, delay and affect commerce, and the movement of any articles and commodities in commerce, by extortion, in that the defendant and his coconspirators conspired to obtain the

17

property of Joseph C. Cirame, with his consent induced by the wrongful use of actual and threatened force, violence and fear (including fear of economic harm), in violation of Title 18, United States Code, Section 1951.

b.    From in or about August, 1994, and continuing to in or about September, 1994, in the District of Massachusetts and elsewhere, the defendant,

ENRICO M. PONZO,

together with others known and unknown to the Grand Jury, each aiding and abetting the others, did unlawfully, knowingly and willfully attempt to, and did obstruct, delay and affect commerce and the movement of any articles and commodities in commerce, by extortion, in that the defendant and others, each aiding and abetting each other, attempted to obtain and did obtain property, to wit, United States currency, from Joseph C. Cirame, with his consent having been induced by the wrongful use of actual and threatened force, violence and fear (including fear of economic harm), in violation of Title 18, United States Code, Sections 1951 and 2.

F.    Act of Racketeering Involving Arson

Racketeering Act F

On or about November 2, 1990, at Salem, in the District of New Hampshire, the defendant,

ROBERT F. CARROZZA, A/K/A BOBBY RUSSO, and
MICHAEL P. ROMANO, SR.,

along with others known and unknown to the Grand Jury, aiding and

abetting one another, did unlawfully and knowingly commit arson, by starting a fire that caused damage to an occupied structure, the property of another, that is, the residence located at 18 Sunset Road, Salem, New Hampshire, being the property of, _inter alia_, Citicorp Mortgage Corporation, the structure being an occupied structure, in that it was adapted for overnight accommodation of persons, and the defendant knowing it was an occupied structure, in violation of RSA 634:1, Chapter 634, Section 1 of the New Hampshire Revised Statutes Annotated.

## The Pattern of Racketeering Activity

4. Each defendant conducted and participated, directly and indirectly, in the conduct of the affairs of the Enterprise through a pattern of racketeering activity as follows:

> a. The pattern of racketeering activity through which the defendant ROBERT F. CARROZZA, A/K/A BOBBY RUSSO, conducted and participated, directly and indirectly, in the conduct of the affairs of the Enterprise consisted of the following acts of racketeering:

FIRST RACKETEERING ACT: The act described in sub-paragraph A-1 of paragraph 3 of this Count relating to the conspiracy to murder Francis P. Salemme, Stephen Rossetti, Mark Rossetti, Ralph Rossetti, Richard Devlin, Richard Gillis, Joseph Souza, Richard Floramo, Mark Prochilo, Joseph C. Cirame, Timothy Larry O'Toole, Robert Paleo, Robert Luisi, Jr., and Lonnie Hilson;

SECOND RACKETEERING ACT: The acts described in sub-paragraphs C-1 and F of paragraph 3 of this Count relating to interstate travel in aid of racketeering and arson, any one of said sub-paragraphs constituting one act of racketeering;

19

THIRD RACKETEERING ACT:  The act described in sub-paragraph C-2 of paragraph 3 of this Count relating to interstate travel in aid of racketeering.

        b.    The pattern of racketeering activity through which the defendant MICHAEL P. ROMANO, SR., conducted and participated, directly and indirectly, in the conduct of the affairs of the Enterprise consisted of the following acts of racketeering:

FIRST RACKETEERING ACT:  The act described in sub-paragraph A-1 of paragraph 3 of this Count relating to the conspiracy to murder Francis P. Salemme, Stephen Rossetti, Mark Rossetti, Ralph Rossetti, Richard Devlin, Richard Gillis, Joseph Souza, Richard Floramo, Mark Prochilo, Joseph C. Cirame, Timothy Larry O'Toole, Robert Paleo, Robert Luisi, Jr., and Lonnie Hilson;

SECOND RACKETEERING ACT:  The act described in sub-paragraph A-5 of paragraph 3 of this Count relating to the murder of Joseph Souza;

THIRD RACKETEERING ACT:  The acts described in subparts a and b of sub-paragraph A-6 of paragraph 3 of this Count relating to the attempted murder and assault of Joseph C. Cirame, any one of said subparts constituting one act of racketeering;

FOURTH RACKETEERING ACT:  The acts described in subparts a and b of sub-paragraph A-7 of paragraph 3 of this Count relating to the attempted murder and assault of Michael P. Prochilo, any one of said subparts constituting one act of racketeering;

FIFTH RACKETEERING ACT:  The acts described in subparts a and b of sub-paragraph A-8 of paragraph 3 of this Count relating to the attempted murder and assault of Stephen Rossetti, any one of said

20

subparts constituting one act of racketeering;

SIXTH RACKETEERING ACT:  The acts described in subparts a and b
of sub-paragraph A-9 of paragraph 3 of this Count relating to the
attempted murder and assault of Timothy Larry O'Toole, any one of
said subparts constituting one act of racketeering;

SEVENTH RACKETEERING ACT:  The acts described in subparts a, b
and c of sub-paragraph A-10 of paragraph 3 of this Count relating
to the conspiracy to murder, attempted murder and assault of
Matteo Trotto, any one of said subparts constituting one act of
racketeering;

EIGHTH RACKETEERING ACT:  The act described in sub-paragraph A-11
of paragraph 3 of this Count relating to the conspiracy to murder
Paul Strazzulla;

NINTH RACKETEERING ACT:  The act described in sub-paragraph A-12
of paragraph 3 of this Count relating to the conspiracy to murder
Enrico M. Ponzo;

TENTH RACKETEERING ACT:  The act described in sub-paragraph B of
paragraph 3 of this Count relating to conspiracy to possess with
intent to distribute and to distribute cocaine;

ELEVENTH RACKETEERING ACT:  The acts described in sub-paragraphs
C-1 and F of paragraph 3 of this Count relating to interstate
travel in aid of racketeering and arson, any one of said sub-
paragraphs constituting one act of racketeering;

TWELFTH RACKETEERING ACT:  The act described in sub-paragraph C-2
of paragraph 3 of this Count relating to interstate travel in aid
of racketeering.

21

> c. The pattern of racketeering activity through which the defendant ANTHONY CIAMPI conducted and participated, directly and indirectly, in the conduct of the affairs of the Enterprise consisted of the following acts of racketeering:

FIRST RACKETEERING ACT:  The act described in sub-paragraph A-1 of paragraph 3 of this Count relating to the conspiracy to murder Francis P. Salemme, Stephen Rossetti, Mark Rossetti, Ralph Rossetti, Richard Devlin, Richard Gillis, Joseph Souza, Richard Floramo, Mark Prochilo, Joseph C. Cirame, Timothy Larry O'Toole, Robert Paleo, Robert Luisi, Jr., and Lonnie Hilson;

SECOND RACKETEERING ACT:  The act described in sub-paragraph A-3 of paragraph 3 of this Count relating to the murder of Richard Devlin;

THIRD RACKETEERING ACT:  The acts described in subparts a and b of sub-paragraph A-4 of paragraph 3 of this Count relating to the attempted murder and assault of Richard Gillis, any one of said subparts constituting one act of racketeering;

FOURTH RACKETEERING ACT:  The acts described in subparts a and b of sub-paragraph A-6 of paragraph 3 of this Count relating to the attempted murder and assault of Joseph C. Cirame, any one of said subparts constituting one act of racketeering;

FIFTH RACKETEERING ACT:  The acts described in subparts a and b of sub-paragraph A-8 of paragraph 3 of this Count relating to the attempted murder and assault of Stephen Rossetti, any one of said subparts constituting one act of racketeering;

SIXTH RACKETEERING ACT:  The act described in sub-paragraph A-11 of paragraph 3 of this Count relating to the conspiracy to murder

Paul Strazzulla;

SEVENTH RACKETEERING ACT:  The act described in sub-paragraph A-12 of paragraph 3 of this Count relating to the conspiracy to murder Enrico M. Ponzo;

EIGHTH RACKETEERING ACT:  The act described in sub-paragraph B of paragraph 3 of this Count relating to conspiracy to possess with intent to distribute and to distribute cocaine;

NINTH RACKETEERING ACT:  The act described in sub-paragraph C-2 of paragraph 3 of this Count relating to interstate travel in aid of racketeering;

TENTH RACKETEERING ACT:  The act described in sub-paragraph D-1 of paragraph 3 of this Count relating to conducting an illegal gambling business involving sports betting;

ELEVENTH RACKETEERING ACT:  The act described in sub-paragraph D-2 of paragraph 3 of this Count relating to conducting an illegal gambling business involving poker games.

> d.   The pattern of racketeering activity through which the defendant SEAN THOMAS COTE conducted and participated, directly and indirectly, in the conduct of the affairs of the Enterprise consisted of the following acts of racketeering:

FIRST RACKETEERING ACT:  The act described in sub-paragraph A-1 of paragraph 3 of this Count relating to the conspiracy to murder Francis P. Salemme, Stephen Rossetti, Mark Rossetti, Ralph Rossetti, Richard Devlin, Richard Gillis, Joseph Souza, Richard Floramo, Mark Prochilo, Joseph C. Cirame, Timothy Larry O'Toole, Robert Paleo, Robert Luisi, Jr., and Lonnie Hilson;

SECOND RACKETEERING ACT:  The acts described in subparts a and b

23

of sub-paragraph A-6 of paragraph 3 of this Count relating to the attempted murder and assault of Joseph C. Cirame, any one of said subparts constituting one act of racketeering;

THIRD RACKETEERING ACT:  The acts described in subparts a and b of sub-paragraph A-7 of paragraph 3 of this Count relating to the attempted murder and assault of Michael P. Prochilo, any one of said subparts constituting one act of racketeering;

FOURTH RACKETEERING ACT:  The acts described in subparts a and b of sub-paragraph A-8 of paragraph 3 of this Count relating to the attempted murder and assault of Stephen Rossetti, any one of said subparts constituting one act of racketeering;

FIFTH RACKETEERING ACT:  The acts described in subparts a and b of sub-paragraph A-9 of paragraph 3 of this Count relating to the attempted murder and assault of Timothy Larry O'Toole, any one of said subparts constituting one act of racketeering;

SIXTH RACKETEERING ACT:  The acts described in subparts a, b and c of sub-paragraph A-10 of paragraph 3 of this Count relating to the conspiracy to murder, attempted murder and assault of Matteo Trotto, any one of said subparts constituting one act of racketeering.

> e.   The pattern of racketeering activity through which the defendant ENRICO M. PONZO conducted and participated, directly and indirectly, in the conduct of the affairs of the Enterprise consisted of the following acts of racketeering:

FIRST RACKETEERING ACT:  The act described in sub-paragraph A-1 of paragraph 3 of this Count relating to the conspiracy to murder Francis P. Salemme, Stephen Rossetti, Mark Rossetti, Ralph

24

Rossetti, Richard Devlin, Richard Gillis, Joseph Souza, Richard Floramo, Mark Prochilo, Joseph C. Cirame, Timothy Larry O'Toole, Robert Paleo, Robert Luisi, Jr., and Lonnie Hilson;

SECOND RACKETEERING ACT: The acts described in subparts a and b of sub-paragraph A-2 of paragraph 3 of this Count relating to the attempted murder and assault of Francis P. Salemme, any one of said subparts constituting one act of racketeering;

THIRD RACKETEERING ACT: The acts described in subparts a and b of sub-paragraph A-6 of paragraph 3 of this Count relating to the attempted murder and assault of Joseph C. Cirame, any one of said subparts constituting one act of racketeering;

FOURTH RACKETEERING ACT: The act described in sub-paragraph B of paragraph 3 of this Count relating to conspiracy to possess with intent to distribute and to distribute cocaine;

FIFTH RACKETEERING ACT: The acts described in subparts a and b of sub-paragraph E of paragraph 3 of this Count relating to the extortion and conspiracy to extort Joseph C. Cirame, any one of said subparts constituting one act of racketeering.

  f. The pattern of racketeering activity through which the defendant MARK SPISAK conducted and participated, directly and indirectly, in the conduct of the affairs of the Enterprise consisted of the following acts of racketeering:

FIRST RACKETEERING ACT: The act described in sub-paragraph A-1 of paragraph 3 of this Count relating to the conspiracy to murder Francis P. Salemme, Stephen Rossetti, Mark Rossetti, Ralph Rossetti, Richard Devlin, Richard Gillis, Joseph Souza, Richard Floramo, Mark Prochilo, Joseph C. Cirame, Timothy Larry O'Toole,

Robert Paleo, Robert Luisi, Jr., and Lonnie Hilson;

SECOND RACKETEERING ACT:  The act described in sub-paragraph A-3 of paragraph 3 of this Count relating to the murder of Richard Devlin;

THIRD RACKETEERING ACT:  The acts described in subparts a and b of sub-paragraph A-4 of paragraph 3 of this Count relating to the attempted murder and assault of Richard Gillis, any one of said subparts constituting one act of racketeering;

FOURTH RACKETEERING ACT:  The act described in sub-paragraph D-2 of paragraph 3 of this Count relating to conducting an illegal gambling business involving poker games.

> g.   The pattern of racketeering activity through which the defendant JOHN J. PATTI, III, conducted and participated, directly and indirectly, in the conduct of the affairs of the Enterprise consisted of the following acts of racketeering:

FIRST RACKETEERING ACT:  The act described in sub-paragraph A-1 of paragraph 3 of this Count relating to the conspiracy to murder Francis P. Salemme, Stephen Rossetti, Mark Rossetti, Ralph Rossetti, Richard Devlin, Richard Gillis, Joseph Souza, Richard Floramo, Mark Prochilo, Joseph C. Cirame, Timothy Larry O'Toole, Robert Paleo, Robert Luisi, Jr., and Lonnie Hilson;

SECOND RACKETEERING ACT:  The acts described in subparts a and b of sub-paragraph A-7 of paragraph 3 of this Count relating to the attempted murder and assault of Michael P. Prochilo, any one of said subparts constituting one act of racketeering;

THIRD RACKETEERING ACT:  The act described in sub-paragraph B of paragraph 3 of this Count relating to conspiracy to possess with

26

intent to distribute and to distribute cocaine.

      h.    The pattern of racketeering activity through which the defendant EUGENE A. RIDA, JR., A/K/A GINO, conducted and participated, directly and indirectly, in the conduct of the affairs of the Enterprise consisted of the following acts of racketeering:

FIRST RACKETEERING ACT:  The act described in sub-paragraph A-1 of paragraph 3 of this Count relating to the conspiracy to murder Francis P. Salemme, Stephen Rossetti, Mark Rossetti, Ralph Rossetti, Richard Devlin, Richard Gillis, Joseph Souza, Richard Floramo, Mark Prochilo, Joseph C. Cirame, Timothy Larry O'Toole, Robert Paleo, Robert Luisi, Jr., and Lonnie Hilson;

SECOND RACKETEERING ACT:  The acts described in subparts a, b and c of sub-paragraph A-10 of paragraph 3 of this Count relating to the conspiracy to murder, attempted murder and assault of Matteo Trotto, any one of said subparts constituting one act of racketeering.

      i.    The pattern of racketeering activity through which the defendant JOHN M. ARCIERO conducted and participated, directly and indirectly, in the conduct of the affairs of the Enterprise consisted of the following acts of racketeering:

FIRST RACKETEERING ACT:  The act described in sub-paragraph A-1 of paragraph 3 of this Count relating to the conspiracy to murder Francis P. Salemme, Stephen Rossetti, Mark Rossetti, Ralph Rossetti, Richard Devlin, Richard Gillis, Joseph Souza, Richard Floramo, Mark Prochilo, Joseph C. Cirame, Timothy Larry O'Toole, Robert Paleo, Robert Luisi, Jr., and Lonnie Hilson;

SECOND RACKETEERING ACT:  The acts described in subparts a and b of sub-paragraph A-7 of paragraph 3 of this Count relating to the

attempted murder and assault of Michael P. Prochilo, any one of said subparts constituting one act of racketeering;

THIRD RACKETEERING ACT:  The acts described in subparts a and b of sub-paragraph A-8 of paragraph 3 of this Count relating to the attempted murder and assault of Stephen Rossetti, any one of said subparts constituting one act of racketeering;

FOURTH RACKETEERING ACT:  The act described in sub-paragraph B of paragraph 3 of this Count relating to conspiracy to possess with intent to distribute and to distribute cocaine;

FIFTH RACKETEERING ACT:  The act described in sub-paragraph C-2 of paragraph 3 of this Count relating to interstate travel in aid of racketeering.

> j.   The pattern of racketeering activity through which the defendant VINCENT MICHAEL MARINO, A/K/A GIGI PORTALLA, conducted and participated, directly and indirectly, in the conduct of the affairs of the Enterprise consisted of the following acts of racketeering:

FIRST RACKETEERING ACT:  The act described in sub-paragraph A-1 of paragraph 3 of this Count relating to the conspiracy to murder Francis P. Salemme, Stephen Rossetti, Mark Rossetti, Ralph Rossetti, Richard Devlin, Richard Gillis, Joseph Souza, Richard Floramo, Mark Prochilo, Joseph C. Cirame, Timothy Larry O'Toole, Robert Paleo, Robert Luisi, Jr., and Lonnie Hilson;

SECOND RACKETEERING ACT:  The acts described in subparts a and b of sub-paragraph A-2 of paragraph 3 of this Count relating to the attempted murder and assault of Francis P. Salemme, any one of said subparts constituting one act of racketeering;

THIRD RACKETEERING ACT:  The act described in sub-paragraph B of

paragraph 3 of this Count relating to conspiracy to possess with
intent to distribute and to distribute cocaine.

k.   The pattern of racketeering activity through which
the defendant NAZZARO RALPH SCARPA conducted and
participated, directly and indirectly, in the
conduct of the affairs of the Enterprise consisted
of the following acts of racketeering:

FIRST RACKETEERING ACT:  The act described in sub-paragraph A-1
of paragraph 3 of this Count relating to the conspiracy to murder
Francis P. Salemme, Stephen Rossetti, Mark Rossetti, Ralph
Rossetti, Richard Devlin, Richard Gillis, Joseph Souza, Richard
Floramo, Mark Prochilo, Joseph C. Cirame, Timothy Larry O'Toole,
Robert Paleo, Robert Luisi, Jr., and Lonnie Hilson;

SECOND RACKETEERING ACT:  The acts described in subparts a and b
of sub-paragraph A-8 of paragraph 3 of this Count relating to the
attempted murder and assault of Stephen Rossetti, any one of said
subparts constituting one act of racketeering;

THIRD RACKETEERING ACT:  The act described in sub-paragraph B of
paragraph 3 of this Count relating to conspiracy to possess with
intent to distribute and to distribute cocaine.

l.   The pattern of racketeering activity through which
the defendant PAUL A. DECOLOGERO conducted and
participated, directly and indirectly, in the
conduct of the affairs of the Enterprise consisted
of the following acts of racketeering:

FIRST RACKETEERING ACT:  The act described in sub-paragraph A-1
of paragraph 3 of this Count relating to the conspiracy to murder
Francis P. Salemme, Stephen Rossetti, Mark Rossetti, Ralph
Rossetti, Richard Devlin, Richard Gillis, Joseph Souza, Richard
Floramo, Mark Prochilo, Joseph C. Cirame, Timothy Larry O'Toole,

Robert Paleo, Robert Luisi, Jr., and Lonnie Hilson;

SECOND RACKETEERING ACT:  The acts described in subparts a and b of sub-paragraph A-8 of paragraph 3 of this Count relating to the attempted murder and assault of Stephen Rossetti, any one of said subparts constituting one act of racketeering;

THIRD RACKETEERING ACT:  The act described in sub-paragraph A-12 of paragraph 3 of this Count relating to the conspiracy to murder Enrico M. Ponzo;

FOURTH RACKETEERING ACT:  The act described in sub-paragraph B of paragraph 3 of this Count relating to conspiracy to possess with intent to distribute and to distribute cocaine.


All in violation of Title 18, United States Code, Sections 1962(c) and 2.

## COUNT TWO
### (18 U.S.C. § 1962(d)
### (RICO -- Conspiracy)

### The Enterprise

1.    Each and every allegation contained in paragraphs 1 and 2 of Count One of this Indictment is incorporated in this Count Two by reference as if fully set forth herein.

### The Racketeering Conspiracy

2.    From in or before June, 1989, through in or after December, 1994, in the District of Massachusetts and elsewhere, the defendants,

ROBERT F. CARROZZA, A/K/A BOBBY RUSSO,
MICHAEL P. ROMANO, SR.,
ANTHONY CIAMPI,
SEAN THOMAS COTE,
ENRICO M. PONZO,
MARK SPISAK,
JOHN J. PATTI, III,
EUGENE A. RIDA, JR., A/K/A GINO,
JOHN M. ARCIERO,
VINCENT MICHAEL MARINO, A/K/A GIGI PORTALLA,
NAZZARO RALPH SCARPA and
PAUL A. DECOLOGERO,

and other persons known and unknown to the Grand Jury, being employed by and associated with the Enterprise described in paragraphs 1 and 2 of Count One, did unlawfully, willfully and knowingly combine, conspire, confederate and agree together with each other, and with others known and unknown to the Grand Jury, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise, which was engaged in and the activities of which affected interstate commerce, through a pattern of racketeering activity, as set forth in paragraphs 3 and 4 of Count One of this Indictment and incorporated by

31

reference herein, in violation of Title 18, United States Code, Section 1962(c). Each defendant agreed to personally commit two acts of racketeering in the conduct of the affairs of the Enterprise.

### The Pattern of Racketeering Activity

3.   The pattern of racketeering activity, as defined by Title 18, United States Code, Section 1961(1), consisted of multiple acts involving murder in violation of the laws of the Commonwealth of Massachusetts, and acts indictable under Title 18, United States Code, Section 1951 (relating to interference with commerce by threats and violence), Section 1952 (relating to interstate travel in aid of racketeering), Section 1955 (relating to operation of illegal gambling businesses) and under Title 21, United States Code, Section 846 (relating to conspiracy to violate controlled substances laws), and acts involving arson in violation of the laws of the State of New Hampshire, the acts constituting said pattern of racketeering activity being those acts described in paragraphs 3 and 4 of Count One of this Indictment, the allegations of which are incorporated in this Count Two by reference as if fully set forth herein.

### Overt Acts of the Racketeering Conspiracy

4.   In furtherance of the racketeering conspiracy and to effect the objects thereof, the defendants and their coconspirators committed the following overt acts, among others, in the District of Massachusetts and elsewhere:

a.   On or about September 30, 1994, defendant ROBERT F.

CARROZZA, A/K/A BOBBY RUSSO, told defendants MICHAEL P. ROMANO, SR., and ANTHONY CIAMPI to "kill a few of them [those loyal to Francis P. Salemme] and the rest of them will scatter."

b.   In or about September, 1994, defendant ANTHONY CIAMPI, in describing the circumstances of the murder of Richard Devlin, told Jerry Matricia:  "You should have seen the look on his face when he [Devlin] knew I was going to shoot him."

c.   On or about September 16, 1994, defendant ANTHONY CIAMPI gave a handgun equipped with a silencer or muffler, that he had received from defendant MICHAEL P. ROMANO, SR., to Paul Strazzulla and defendant SEAN THOMAS COTE, for them to use in the attempted murder of Joseph C. Cirame.

d.   In or about September, 1994, defendant MICHAEL P. ROMANO, SR., gave a machinegun, which belonged to defendant ROBERT F. CARROZZA, A/K/A BOBBY RUSSO, to defendant JOHN ARCIERO, to use in the attempted murder of Stephen Rossetti.

e.   In or about September, 1994, defendant PAUL A. DECOLOGERO gave a MAC-12 machinegun to defendant MICHAEL P. ROMANO, SR.; ROMANO used the machinegun as defendants ROMANO, PAUL A. DECOLOGERO, SEAN THOMAS COTE, VINCENT MICHAEL MARINO, A/K/A GIGI PORTALLA, and others, tried to trap and murder Robert Luisi, Jr.

f.   On October 20, 1994, as he shot at (and killed) Joseph Souza, defendant MICHAEL P. ROMANO, SR., said to Souza, "this is for little Mikey Romano" [referring to ROMANO's belief that Souza killed his son Michael P. Romano, Jr.].

g.   On or about October 21, 1994, defendant MICHAEL P.

33

ROMANO, SR., in describing his murder of Joseph Souza the previous day, told Jerry Matricia, "that's what they get for fucking with the master."

h.    In October, 1994, defendant MICHAEL P. ROMANO, SR., gave a handgun equipped with a silencer or muffler to defendant SEAN THOMAS COTE, for COTE to use in the attempted murder of Matteo Trotto.

i.    On or about October 30, 1994, defendants SEAN THOMAS COTE and EUGENE A. RIDA, JR., A/K/A GINO, along with Leo M. Boffoli, a/k/a Chipper, drove to various locations in Worcester, Massachusetts, looking for Matteo Trotto.


All in violation of Title 18, United States Code, Sections 1962(d).

COUNT THREE
(18 U.S.C. § 1959)
(Conspiracy to Commit Murder in Aid of Racketeering)

1.    Paragraphs 1 and 2, and subparagraphs A through F of paragraph 3 of Count One of this Indictment are incorporated as if fully set forth herein.

2.    The Enterprise described in paragraphs 1 and 2 of Count One of this Indictment is an enterprise as that term is defined in Title 18, United States Code, Section 1959(b)(2).

3.    The Enterprise engaged in racketeering activity as set forth in subparagraphs A through F of paragraph 3 of Count One of this Indictment, as that term is defined in Title 18, United States Code, Section 1959(b)(1).

4.    From in or before January, 1994, and continuing through in or after December, 1994, in the District of Massachusetts and elsewhere, as consideration for the receipt of, and as consideration for a promise to pay a thing of pecuniary value, to wit, money, from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity,

ROBERT F. CARROZZA, A/K/A BOBBY RUSSO,
MICHAEL P. ROMANO, SR.,
ANTHONY CIAMPI,
SEAN THOMAS COTE,
ENRICO M. PONZO,
MARK SPISAK,
JOHN J. PATTI, III,
EUGENE A. RIDA, JR., A/K/A GINO,
JOHN M. ARCIERO,
VINCENT MICHAEL MARINO, A/K/A GIGI PORTALLA,
NAZZARO RALPH SCARPA,
PAUL A. DECOLOGERO and
CHRISTOPHER PUOPOLO,

35

defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury to murder Francis P. Salemme, Stephen Rossetti, Mark Rossetti, Ralph Rossetti, Richard Devlin, Richard Gillis, Joseph Souza, Richard Floramo, Mark Prochilo, Joseph C. Cirame, Timothy Larry O'Toole, Robert Paleo, Robert Luisi, Jr., and Lonnie Hilson, in violation of Massachusetts General Laws, Chapter 265, Section 1 and Chapter 274, Section 7.

All in violation of Title 18, United States Code, Section 1959.

36

COUNT FOUR
(18 U.S.C. §§ 924(c) and 2)

From in or before March, 1994, and continuing through in or after December, 1994, in the District of Massachusetts and elsewhere,

ROBERT F. CARROZZA, A/K/A BOBBY RUSSO,
MICHAEL P. ROMANO, SR.,
ANTHONY CIAMPI,
SEAN THOMAS COTE,
ENRICO M. PONZO,
MARK SPISAK,
JOHN J. PATTI, III,
EUGENE A. RIDA, JR., A/K/A GINO,
JOHN M. ARCIERO,
VINCENT MICHAEL MARINO, A/K/A GIGI PORTALLA,
NAZZARO RALPH SCARPA,
PAUL A. DECOLOGERO and
CHRISTOPHER PUOPOLO,

defendants herein, along with others known and unknown to the Grand Jury, aiding and abetting one another, in furtherance of the conspiracy charged in Count Three of this Indictment, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, to wit, conspiracy to murder, as consideration for the receipt of, and as consideration for a promise to pay a thing of pecuniary value, to wit, money, from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, as charged in Count Three of this Indictment, did knowingly use and carry firearms, to wit, machineguns, firearms equipped with firearm silencers, firearms equipped with firearm mufflers, shotguns, handguns and a destructive device, as those items are defined in Title 18, United States Code, Section 921.

All in violation of Title 18, United States Code, Sections 924(c) and 2.

<u>COUNT FIVE</u>
(18 U.S.C. §§ 1959 and 2)
(Murder of Richard Devlin)

1.   Paragraphs 1 and 2, and subparagraphs A through F of paragraph 3 of Count One of this Indictment are incorporated as if fully set forth herein.

2.   The Enterprise described in paragraphs 1 and 2 of Count One of this Indictment is an enterprise as that term is defined in Title 18, United States Code, Section 1959(b)(2).

3.   The Enterprise engaged in racketeering activity as set forth in subparagraphs A through F of paragraph 3 of Count One of this Indictment, as that term is defined in Title 18, United States Code, Section 1959(b)(1).

4.   On or about March 31, 1994, in the District of Massachusetts and elsewhere, in furtherance of the conspiracy charged in Count Three of this Indictment, as consideration for a promise to pay a thing of pecuniary value, to wit, money, from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity,

ANTHONY CIAMPI and
MARK SPISAK,

defendants herein, along with others known and unknown to the Grand Jury, aiding and abetting one another, did knowingly and intentionally assault and beat one Richard Devlin with intent to murder him and by such assault and beating did kill and murder said Richard Devlin, in violation of Massachusetts General Laws, Chapter 265, Section 1, and Chapter 274, Section 2.

All in violation of Title 18, United States Code, Sections 1959 and 2.

38

<u>COUNT SIX</u>
(18 U.S.C. §§ 924(c) and 2)

On or about March 31, 1994,

ANTHONY CIAMPI and
MARK SPISAK,

defendants herein, along with others known and unknown to the
Grand Jury, aiding and abetting one another, in furtherance of
the conspiracy charged in Count Three of this Indictment, during
and in relation to a crime of violence for which they may be
prosecuted in a court of the United States, to wit, murder, as
consideration for a promise to pay a thing of pecuniary value, to
wit, money, from an enterprise engaged in racketeering activity,
and for the purpose of gaining entrance to and maintaining and
increasing position in an enterprise engaged in racketeering
activity, as charged in Count Five of this Indictment, did
knowingly use and carry firearms, to wit, handguns.


    All in violation of Title 18, United States Code, Sections
924(c) and 2.